FILED
United States Court of Appeals
Tenth Circuit

March 22, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES R. SWITZER,

Defendant-Appellant.

No. 12-1437
(D.C. No. 1:12-CR-00010-MSK-15)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **HOLMES**, and **MATHESON**, Circuit Judges.

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant James R. Switzer's plea agreement. The

defendant pleaded guilty to a firearms offense in violation 18 U.S.C. § 922(g). At

sentencing, the district court determined that the defendant's total offense level was

17 and his applicable advisory guidelines sentencing range was 51 to 63 months'

---

[*]    This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment. The district court varied downward and sentenced the defendant to 40 months' imprisonment.

Pursuant to his plea agreement,

the defendant knowingly and voluntarily waive[d] the right to appeal any matter in connection with [his] prosecution, conviction, or sentence unless it meets one of the following three criteria: (1) the sentence imposed is above the maximum penalty provided in the statute of conviction, (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3) the Court determines that the adjusted offense level is greater than 20 and imposes a sentence based upon that offense level determination.

Attach. 1 to Mot. to Enforce (Plea Agreement) at 2. Except as stated above, the defendant also "knowingly and voluntarily waive[d] the right to appeal the manner in which the sentence [was] determined." *Id.* He reserved his right to appeal or otherwise seek relief if "(1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that [he] was denied the effective assistance of counsel, or (3) there is a claim of prosecutorial misconduct." *Id.* at 3. Finally, if the government appealed the sentence imposed, the defendant would be released from the waiver. *Id.*

The government filed a motion to enforce the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. The defendant's

- 2 -

counsel filed a response stating that he cannot identify any meritorious grounds to contest the motion to enforce. We gave the defendant the opportunity to file a pro se response, but his deadline has passed, and to date we have not received a response from him.

Our independent review confirms that the requirements for enforcing the plea waiver have been satisfied. Accordingly, we grant the motion to enforce and dismiss the appeal. We grant the defendant's counsel's motion to file a response one day late.

Entered for the Court
Per Curiam